CRAIG DARNELL JOHNSON,
404 W Manlius, Apt 211
Syracuse, NY 13057
jrhsolutions2@gmail.com
585-465-6360

**Appearing Pro Se**



FEB 1 3 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| CRAIG DARNELL JOHNSON,<br><br>Plaintiffs,<br>vs.<br><br>KNOX COUNTY SHERIFF'S OFFICE,<br>TENNESSEE HIGHWAY PATROL,<br>OFFICER BAGLEY,<br>DISTRICT ATTORNEY CHARME P.<br>ALLEN, et al<br>Defendants. | CASE NO: Case No.: 125004560<br><br>MOTION FOR INJUNCTION AND<br>TEMPORARY RESTRAINING ORDER<br>DUE TO IRREPARABLE HARM |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND**

**PRELIMINARY INJUNCTION**

**I. INTRODUCTION**

1. Plaintiff, Craig Darnell Johnson, by special appearance only, respectfully moves this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for the issuance of a Temporary Restraining Order (TRO) and Preliminary Injunction.

2. Plaintiff seeks this relief against Defendants, including District Attorney Charme P. Allen, to prevent further violations of his constitutional rights, irreparable harm to his person, and retaliatory actions resulting from police misconduct and prosecutorial malfeasance.

3. This motion arises due to ongoing, systematic violations of Plaintiff's fundamental rights by law enforcement and prosecutorial officials.

4. Plaintiff has endured unlawful detention, excessive use of force, and prosecutorial misconduct, illustrating a pattern of government overreach and disregard for due process.

5. Without immediate injunctive relief, Plaintiff will continue to suffer harm, leaving his rights unprotected and his access to justice obstructed.

6. The pattern of abuse and retaliation necessitates swift judicial intervention.

7. The systematic misconduct of Defendants has left Plaintiff with no adequate legal remedy, as continued harassment, wrongful prosecution, and obstruction of due process persist.

8. Fundamental liberties enshrined in the Constitution require urgent protection, making the requested relief imperative to prevent further unconstitutional acts.

9. Plaintiff satisfies the four-factor test for injunctive relief.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case arises under the United States Constitution, 42 U.S.C. § 1983, and applicable federal statutes.

11. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

12. Plaintiff acknowledges that certain matters involving municipal or county enforcement may typically be heard in state courts.

13. However, given the severity of the constitutional violations alleged and the irreparable harm inflicted, federal jurisdiction is warranted.

## III. FACTUAL BACKGROUND

14. Plaintiff asserts the following events support this motion:

15. Plaintiff was unlawfully stopped, detained, and subjected to an illegal search and seizure on or about January 15, 2025.

16. Plaintiff was not on any highway at the time of the stop by Tennessee Highway Patrolman Begley.

17. Plaintiff was exercising his private right to travel and was not engaged in interstate commerce.

18. Plaintiff displayed his active USDOT number and MC-150, issued by the FMCSA for private travel, and had clearly visible US DOT plates.

19. Plaintiff was detained for 2-3 days in unsanitary and inhumane conditions, without arraignment.

20. This violated Plaintiff's due process rights under the Tennessee Constitution and Tennessee Rules of Criminal Procedure.

21. Employees of the Knox County Sheriff's Office intentionally harmed Plaintiff by neglecting his health and subjecting him to psychological and physical trauma.

22. Plaintiff was subjected to excessive force.

23. This included being shot with a high-powered pellet gun.

24. Plaintiff was also tased without justification.

25. Further, Plaintiff was forcibly injected with an unknown substance.

26. These actions caused permanent injuries and ongoing medical issues.

27. Defendant District Attorney Charme P. Allen denied Plaintiff's motions and withheld critical case information.

28. Plaintiff was forced into a bonded arraignment scenario.

29. Plaintiff was coerced into retaining legal counsel as a prerequisite to being heard in this matter.

30. These actions were designed to fabricate a basis for issuing a warrant or unlawfully seizing Plaintiff.

31. Plaintiff faces ongoing threats to his safety, constitutional violations, and psychological trauma.

32. The absence of immediate injunctive relief will allow these unconstitutional acts to continue.

## IV. LEGAL VIOLATIONS

33. Plaintiff asserts the following constitutional and statutory violations:

34. Violations of the Tennessee Constitution:

35. Article I, Section 7 (Search and Seizure) – Plaintiff's vehicle was illegally searched without a warrant or probable cause.

36. Article I, Section 8 (Due Process) – Plaintiff was unlawfully detained and denied his right to due process.

37. Article I, Section 16 (Cruel and Unusual Punishments) – Plaintiff was subjected to excessive force.

38. Violations of the Fourth and Fourteenth Amendments:

39. Plaintiff was subjected to an unwarranted search, illegal detention, and excessive force.

40. Defendants obstructed Plaintiff's due process rights by refusing to provide critical case information.

41. The absence of corpus delicti negates any legal justification for prosecution.

42. Violations of the Internal Security Act of 1950 (McCarran Act):

43. Defendants engaged in wrongful detention, denial of due process, and obstruction of lawful travel.

44. This law prohibits unlawful detention, intimidation, and surveillance.

45. Violations of Tennessee Code and Criminal Procedure:

46. Tennessee Code § 39-11-620 – Prohibits excessive force.

47. Tennessee Rule of Criminal Procedure 5(a) – Requires an initial appearance without unnecessary delay.

48. Tennessee Code § 39-16-403 (Official Misconduct) – Defendants obstructed due process.

## V. RELIEF REQUESTED

49. Plaintiff respectfully requests that the Court issue a Temporary Restraining Order (TRO) with the following provisions:

a. **Prohibition of Retaliatory Actions**:

Plaintiff seeks a TRO that prohibits the Defendants from engaging in any further retaliatory actions against the Plaintiff. This includes any actions that may seek to intimidate, punish, or otherwise harm Plaintiff in retaliation for asserting his legal rights or engaging in any form of protected activity, whether related to this case or otherwise. This may include verbal, written, or physical retaliations, as well as adverse employment or professional actions.

b. **Injunction Against Detention, Harassment, and Excessive Force**:

Plaintiff requests a TRO to enjoin the Defendants from detaining the Plaintiff without lawful justification, harassing the Plaintiff through unwarranted questioning, surveillance, or other forms of intimidation, or using excessive force, whether physical or psychological, against the Plaintiff in the course of their actions. Such actions are unlawful and are sought to be restrained to prevent further harm and violation of Plaintiff's constitutional rights.

c. **Immediate Return of Personal Property and Documents**:

Plaintiff requests the TRO require the immediate return of all personal property and documents that were unlawfully seized or detained by the Defendants. This includes all items, materials, and records belonging to the Plaintiff, both physical and electronic, which are necessary for Plaintiff's personal and legal matters. This request is made to ensure Plaintiff's rights to privacy, property, and access to necessary documents are not further infringed upon.

50. Plaintiff respectfully requests that the Court issue a Preliminary Injunction with the following provisions:

a. **Independent Investigation into Defendants' Misconduct**:

Plaintiff requests the Court order an independent investigation into the Defendants' actions related to the Plaintiff's detention, harassment, and the use of force. The investigation should be conducted by a neutral, third-party entity with expertise in constitutional law and law enforcement misconduct. This is to ensure that all relevant facts are uncovered and that the Defendants' conduct is subject to impartial scrutiny to determine whether their actions violated Plaintiff's rights under both federal and state law.

b. **Preservation of Evidence**:

Plaintiff seeks a Preliminary Injunction requiring the Defendants to preserve all records, video footage, photographs, communications, and other documents related to the Plaintiff's detention, treatment, and any actions that might be relevant to the case. This includes ensuring the preservation of any video surveillance, body-worn camera footage, emails, text messages, internal communications, reports, or other forms of evidence that could be crucial to the ongoing litigation or any subsequent legal proceedings. This injunction is necessary to prevent the destruction, alteration, or loss of evidence that may be critical to proving Plaintiff's claims.

**c. Enjoining Further Constitutional Violations**:

Plaintiff respectfully requests that the Court issue a Preliminary Injunction barring the Defendants from engaging in any further constitutional violations against the Plaintiff. This includes, but is not limited to, violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff seeks the Court's intervention to prevent further unlawful detentions, searches, seizures, or other actions that infringe upon the Plaintiff's rights to due process, equal protection, and freedom from cruel and unusual punishment. This injunction is necessary to ensure the Defendants do not continue to infringe upon Plaintiff's constitutional rights pending the outcome of the case.

51. Ordering an independent investigation into Defendants' misconduct.

52. Requiring Defendants to preserve all records, video footage, and documents related to Plaintiff's detention.

53. Enjoining Defendants from engaging in any further constitutional violations against Plaintiff.

## VI. CONCLUSION

54. Plaintiff has established:

55. A substantial likelihood of success on the merits.

56. Ongoing irreparable harm that cannot be remedied by monetary damages.

57. No substantial injury to other interested parties.

58. Public interest considerations favor injunctive relief.

59. Plaintiff respectfully requests this Court grant the requested relief immediately.

Dated: February 2, 2025

Respectfully submitted,

By: *Craig-Darnell: Johnson*
   *Craig-Darnell: Johnson / Attorney in fact*
FOR **CRAIG DARNELL JOHNSON,**
*Pro Se*
Specially Appearing Plaintiff

# CERTIFICATE OF SERVICE

I, **Craig Darnell Johnson, By Special Appearance Only**, certify that on this **3rd day of February 2025**, I served a true and correct copy of the **Motion for Temporary Restraining Order and Preliminary Injunction** upon the following parties via the indicated methods:

1. **LeAnna R. Wilson, Clerk of Court**
   **Howard H. Baker Jr. United States Courthouse**
   800 Market Street, Suite 130
   Knoxville, TN 37902
   **Method of Service:** [☒ U.S. Mail ☐ Hand Delivery ☐ Email (if available) ☐ Fax]

2. **District Attorney General Charme P. Allen**
   **Office of the District Attorney General**
   400 Main Street, Suite 168
   P.O. Box 1468
   Knoxville, TN 37901-1468
   **Method of Service:** [☒ U.S. Mail ☐ Hand Delivery ☐ Email (if available) ☐ Fax]

3. **Knox County Sheriff's Office**
   **City-County Building**
   400 Main Avenue
   Knoxville, TN 37902
   **Method of Service:** [☒ U.S. Mail ☐ Hand Delivery ☐ Email (if available) ☐ Fax]

4. **Tennessee Highway Patrol – Knoxville District**
   7601 Kingston Pike
   Knoxville, TN 37919
   **Method of Service:** [☒ U.S. Mail ☐ Hand Delivery ☐ Email (if available) ☐ Fax]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**Dated: February 3, 2025**

**Respectfully Submitted,**

*Craig-Darnell:Johnson / Attorney in Fact FOR: CRAIG DARNELL JOHNSON, BY SPECIAL APPEARANCE ONLY*

**CRAIG DARNELL JOHNSON, BY SPECIAL APPEARANCE ONLY**
Pro Se Plaintiff
404 W Manlius, Apt 211
Syracuse, NY 13057
jrhsolutions2@gmail.com
585-465-6360

WITHOUT RECOURSE ALL RIGHTS RESERVED