# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| CRAIG DARNELL JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-mc-00004 |
| KNOX COUNTY SHERIFF'S OFFICE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF THE KNOX COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS

Comes now the defendant, Knox County Sheriff's Office, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and applicable caselaw and hereby submits the following memorandum of law in support of its motion to dismiss.

**I.     Statement of the case.**

On January 17, 2025, plaintiff was pulled over by Tennessee Highway Patrolman Ricky Begley for an alleged improper U-turn. (Doc. 5, PageID #92). Plaintiff was subsequently charged with no seat belt (Doc. 5, PageID # 90), registration law (Doc. 5, PageID # 91), improper turn (Doc. 5, PageID # 92), no driver's license carried or exhibited (Doc. 5, PageID # 93), simple possession (Doc. 5, PageID # 94), driving while license canceled (Doc. 5, PageID # 95), and financial responsibility law (Doc. 5, PageID # 98). Plaintiff was transported to the Knox County Detention Facility where he was held before being placed on Pretrial Release. (Charges cited above show plaintiff's bond conditions as Pretrial Release).

On February 13, 2025, plaintiff filed a "Motion for Temporary Restraining Order and Preliminary Injunction" in this Court alleging various constitutional violations against the Knox County

Sheriff's Office, the Tennessee Highway Patrol, Trooper Begley, and Knox County District Attorney Charme Allen, seeking injunctive relief. (Doc. 1). Plaintiff later filed an amended motion seeking $100,000,000 in damages. (Doc. 5, PageID #79).

Plaintiff makes several allegations against the defendants collectively; however, the allegations against the Sheriff's Office appear to be limited to plaintiff's claims of excessive force and cruel and unusual punishment while he was detained in the Knox County Detention Facility. The Sheriff's Office now moves for dismissal.

**II.  Issues presented.**

    **a. Whether the Knox County Sheriff's Office is an entity capable of being sued;**

    **b. Whether plaintiff has standing to sue for injunctive relief;**

    **c. Whether the plaintiff pleads sufficient factual material to plausibly allege municipal liability under 42 U.S.C. § 1983;**

    **d. Whether Tennessee law recognizes a private right of action for damages for alleged violations of the Tennessee Constitution; and**

    **e. Whether plaintiff may sue civilly under 18 U.S.C. § 241 and § 242.**

**III.  Standard of review.**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the operative complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true, and draw all reasonable inferences in plaintiff's favor. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016). But "the court need not accept as true allegations that are conclusory or require unwarranted inferences based on the alleged facts."

*Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015). And the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While "detailed factual allegations" are not required, mere "the defendant-unlawfully-harmed-me accusations," or "naked assertions devoid of further factual enhancement" are not enough. *Twombly*, 550 U.S. at 555. When the context makes the factual allegations at most consistent with both conduct that is actionable and conduct that is not, more is required to "nudge the claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In addition to dismissal pursuant to Fed. R. Civ. 12(b)(6), the Sheriff's Office also submits that plaintiff lacks standing to sue for injunctive relief, pursuant to Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) allows dismissal when the court lacks subject matter jurisdiction over the claims asserted in the complaint. Rule 12(b)(1) motions can either "challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). A facial attack "goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Id*. In contrast, a factual attack "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. If the factual basis of subject matter jurisdiction is challenged, "no presumptive truthfulness applies to the factual allegations...and the court is free to weigh the evidence and satisfy itself as to the existence of its power

to hear the case." *Id.* (internal citation omitted). Plaintiff bears the burden of showing that subject matter jurisdiction exists. *Cartwright*, 751 F.3d at 760 (citation omitted).

**IV.    Argument.**

    **a.    The Knox County Sheriff's Office is not an entity capable of being sued.**

Federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit. See, e.g., *CP v. Alcoa Police Dep't*, No.: 3:10-CV-197, 2010 U.S. Dist. LEXIS 67169, at *4 (E.D. Tenn. July 6, 2010) ("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983."); *Smith v. Tenn. Dep't of Corr.*, No. 3:09mc0107, 2009 U.S. Dist. LEXIS 45598, at *8 (M.D. Tenn. May 27, 2009) (Trauger, J.) ("[S]heriffs' offices and police departments are not bodies politic, and as such are not 'persons' within the meaning of § 1983 . . . ."); *Johnson v. Harris*, No.1:08cv36, 2009 U.S. Dist. LEXIS 8573, at *26 (E.D. Tenn. Feb. 5, 2009) ("[A]gencies such as police departments are not proper defendants in Section 1983 lawsuits."); *Moore v. Chattanooga Police Dep't*, No. 1:08-cv-174, 2008 U.S. Dist. LEXIS 73939, at *9 (E.D. Tenn. Aug. 19, 2008) ("'The Chattanooga Police Department is not a municipality but is merely a municipal agency or department of the City of Chattanooga rather than a separate legal entity."); *Pruitt v. Lewis*, No. 06-2867, 2007 U.S. Dist. LEXIS 90387, at *5 (W.D. Tenn. Dec. 6, 2007) ("It is well established that a '[county sheriff's] department is not a legal entity separate from its parent [county].' . . . [I]t is redundant to name a sheriff's department along with the parent county . . . ." (alterations in original)); *Drennon v. A.B.L.*, No. 3:06mc0126, 2006 U.S. Dist. LEXIS 86136, at *7 (M.D. Tenn. Nov. 27, 2006) ("A sheriff's office is not a body politic, and as such, is not a person within the meaning of § 1983."); *Lee v. Knox County Sheriff's Office*, No.: 3:05-CV-571, 2006 U.S. Dist. LEXIS 79945, at *6-7 (E.D. Tenn. Oct. 31, 2006) ("[D]efendant Knox County Sheriff's Department seeks to be dismissed from this lawsuit because it is not an entity capable of being sued. The Court

agrees . . . ."); *Obert v. Pyramid*, 381 F. Supp. 2d 723, 725 n.1 (W.D. Tenn. 2005) ("Defendant correctly notes that the Memphis Police Department does not legally exist and is not a proper party to this action. . . . [T]he City of Memphis is properly a Defendant . . . ."); *Alexander v. Beale St. Blues Co.*, 108 F. Supp. 2d 934, 947 (W.D. Tenn. 1999) ("The . . . motion to dismiss the Memphis Police Department is well taken, as the City of Memphis represents the real party in interest.").

### b. Plaintiff lacks standing to sue for injunctive relief.

A plaintiff bears the burden of proving that his/her suit is a "Case" or "Controversy" within the jurisdiction of the United States courts. U.S. Const. art. III, § 2, cl. 1; see also *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements."). To do so, they must establish "the irreducible constitutional minimum of standing" by showing that: (1) they suffered an "injury in fact;" (2) the injury is "fairly…trace[able]" to conduct of [the defendant], and (3) the court's powers of decision would provide them redress. *Lujan*, 504 U.S. at 560-61. Without these elements, the district court lacks authority to hear the claim.

Past harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive relief. *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983). This is because the fact that a harm occurred in the past "does nothing to establish a real and immediate threat that" it will occur in the future, as is required for injunctive relief. *Id*. To establish standing for injunctive relief to prohibit retaliatory action, unlawful detention, harassment, excessive force, and "further constitutional violations" as plaintiff claims here, he must do more than allege that the Sheriff's Office may harm him or that it theoretically possesses the power to do so; instead, "specific, plausible allegations about what [the Sheriff's Office] has done, is doing, or might do to injure plaintiff" are necessary. *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022). Without such a showing, a plaintiff fails to allege the second and

5

third elements of standing: traceability and redressability. <u>Id</u>. at 1032 (stating that even with a showing of harm, no order of the court against the Governor would remedy plaintiffs' injuries).

Here, the plaintiff lacks standing to sue for the injunctive relief he seeks because he is no longer in custody of the Knox County Sheriff's Office. ("[P]laintiff was detained for 2-3 days. . .and forced into a bonded arraignment scenario." (Doc. 5, PageID #69)). Therefore, he is no longer subject to the alleged excessive force and cruel and unusual punishment he claims in his lawsuit. (Doc. 5, PageID # 78-79). In actions for injunctive relief, a change in circumstances, such as a prisoner being released from detention, renders equitable claims moot and subject to dismissal for want of subject matter jurisdiction. *Sumpter v. Wayne Cty.*, 868 F.3d 473 (6th Cir. 2017). In dismissing the plaintiff's claims for injunctive relief, the Sixth Circuit noted that

> Sumpter claims she was subjected to four separate strip searches as an inmate in the Wayne County Jail between October and November 2012. However, she left the jail in November 2012, and we can only speculate as to whether she will ever return. At this juncture, we must assume that plaintiff "will conduct [her] activities within the law and so avoid . . . exposure to the challenged course of conduct."

At 491.

Just as in *Sumpter*, here the court can only speculate whether the plaintiff will ever return to the custody of the Knox County Sheriff's Office, and speculation is insufficient to convey standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013) (finding no injury-in-fact where plaintiffs feared that a series of events would occur which would ultimately result in harm because the threat of harm was too speculative). In fact, the Court is constrained to assume the plaintiff will follow the law and not return to the Knox County Detention Facility. *Sumpter* at 491 (Citing *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)).

Plaintiff also seeks injunctive relief in the form of 1) preservation of evidence, 2) an investigation into the conduct of the defendants, and 3) return of his personal property. As to plaintiff's demand that

6

Knox County preserve evidence, plaintiff has not pled any plausible, nonconclusory facts in compliance with *Iqbal* and *Twombly* that Knox County has destroyed evidence or intends to destroy evidence related to plaintiff's pending criminal matter. Consequently, injunctive relief is inappropriate where no harm is alleged. As to plaintiff's demand that the Court investigate the conduct of the defendants, injunctive relief is also inappropriate because that is not the Court's function. As to plaintiff's demand that Knox County return his personal property, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim for the deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The Sixth Circuit has held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Here, the plaintiff has not pled any plausible, nonconclusory facts that remedies under Tennessee law are inadequate. Consequently, for all the above-analyzed reasons, plaintiff's claims for injunctive relief should be dismissed.

        c.        **The plaintiff fails to plead sufficient factual material to plausibly allege municipal liability under 42 U.S.C. § 1983.**

To prevail in a § 1983 suit against a municipality, a plaintiff must show the alleged federal right violation occurred because of a municipal policy or custom. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). A county may not be held liable on a respondeat superior or vicarious liability theory for the independent actions of its employees. *Id.* at 691. Rather, only where execution of a government's policy or custom

inflicts the injury may a county be subject to liability under § 1983. *Id*. at 694. To prevail, a plaintiff must: 1) identify a policy or custom; 2) connect that policy or custom to the municipality; and 3) show that the execution of that policy or custom caused the particular injury. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). A municipal policy is an official act representing a deliberate choice by a municipality's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). A "custom" is "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)).

It is clearly established that a plaintiff bringing a *Monell* claim must sufficiently allege causation. See *Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1038-40 (6th Cir. 2024). The particular injury must have been suffered "because of" the execution of an unconstitutional policy. *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996). Plaintiff must sufficiently allege both factual "but-for" causation and proximate causation. *Gambrel v. Knox County*, 25 F.4th 391, 408 (6th Cir. 2022). A plaintiff must also demonstrate that, "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).

Here, the plaintiff alleges he was subjected to excessive force and cruel and unusual punishment while detained in the Knox County Detention Facility. (Doc. 5, PageID #78-79). However, plaintiff fails to allege a custom or policy of Knox County was the moving force behind the alleged mistreatment at the detention facility. The closest the plaintiff comes to alleging a custom or policy is by claiming that he has "endured unlawful detention, excessive use of force, and prosecutorial misconduct, illustrating a pattern of government overreach and disregard for due process" (Doc. 5, PageID # 68); however, the court is not required to accept conclusory allegations unsupported by facts (*Newberry v. Silverman*, 789

F.3d 636, 640 (6th Cir. 2015)), especially here where the plaintiff only points to the circumstances of his own case. *Thomas v. Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005) (plaintiffs cannot "infer a municipal-wide policy based solely on one instance of potential misconduct"); *Payne v. Sevier Cnty.*, 681 Fed. Appx. 443, 446 (6th Cir. 2017) (A plaintiff cannot establish a custom solely by pointing to the facts of his own case. Instead, he must reach beyond the alleged misconduct at issue and show several separate instances of similar misconduct.) (internal quotations omitted).

    **d. Tennessee law does not recognize a private right of action for damages for alleged violations of the Tennessee Constitution.**

Plaintiff claims the Sheriff's Office violated his rights under the Tennessee Constitution. (Doc. 5, PageID #69, 70). However, state and federal courts have routinely held that there is no private right of action for damages for violations of the Tennessee Constitution. *See Grose v. City of Bartlett Tenn. Gov't*, No. 220CV02307TLPCGC, 2023 U.S. Dist. LEXIS 173112, 2023 WL 6294189, at *7 (W.D. Tenn. Sept. 27, 2023) (citing *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) and *Bowden Bldg. Corp. v. Tennessee Real Est. Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999). To the extent that the plaintiff seeks injunctive relief for violations of the Tennessee Constitution, he lacks standing for the same reasons briefed in section "b" *supra*.

    **e. Plaintiff cannot sue civilly for alleged violations of 18 U.S.C. § 241 and § 242.**

Plaintiff claims violations of 18 U.S.C. § 241 and § 242. (Doc. 5, PageID # 77). These statutes provide no basis for a civil suit. *Beerbower v. United States*, 1986 U.S. App. LEXIS 19515, *8 (6th Cir. 1986) (U.S.C. §§241 and 242, criminal counterparts to the civil rights statutes, do not provide a basis for civil liability.) (Citing *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).

## V.     Conclusion.

Plaintiff seeks injunctive relief and monetary damages from the Knox County Sheriff's Office based on alleged excessive force and cruel and unusual punishment while he was held in the Knox County Detention Facility; however, for all the reasons analyzed herein, plaintiff fails to prove standing for injunctive relief and fails to state a claim for damages. Consequently, the Sheriff's Office requests that this Honorable Court dismiss it from this cause of action with prejudice.

Respectfully submitted this 7th day of March 2025.

/s/ Federico A. Flores
Federico A. Flores (BPR # 029806)
Deputy Law Director
Knox County

*Counsel for Defendant Knox County Sheriff's Office*

Knox County Law Director's Office
400 Main Street, Suite 612
Knoxville, TN 37902
(865) 215-2327
federico.flores@knoxcounty.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025 a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. Parties not indicated on the court's electronic filing receipt were served with the foregoing Motion to Dismiss by United States mail at the following last known address:

Craig Darnell Johnson, Pro Se
1914 Skillman Street
Suite 110 PMB 322
Dallas, TX 75206
Nimmyname04@gmail.com

/s/Federico A. Flores
Federico A. Flores