Craig-Darnell: Johnson
1914 Skillman Street
Dallas, TX 75206
607-218-7096 | 585-465-6360
nimmyname04@gmail.com



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CRAIG DARNELL JOHNSON ©,

    PLAINTIFF,

vs.

KNOX COUNTY SHERIFF'S OFFICE ET AL,

    Defendant

Case No.: **3:25-MC-4**

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Craig-Darnell: Johnson, Attorney-in-Fact for CRAIG DARNELL JOHNSON ©, respectfully submits this Opposition to Defendants' Motion to Dismiss and states as follows:

## INTRODUCTION

Defendant Knox County Sheriff's Office (KCSO) moves for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing:

1. KCSO is not a legal entity capable of being sued.
2. Plaintiff lacks standing for injunctive relief.

3. Plaintiff fails to plead municipal liability under 42 U.S.C. § 1983.

4. Tennessee law does not recognize a private right of action for violations of the Tennessee Constitution.

5. Plaintiff cannot bring a civil suit under 18 U.S.C. §§ 241 and 242.

Defendants' arguments lack merit and should be rejected for the following reasons:

1. KCSO operates as a for-profit entity, has an EIN, and can be sued.
2. Plaintiff has standing for injunctive relief under the capable of repetition yet evading review doctrine.
3. Plaintiff properly pleads municipal liability by showing a pattern of misconduct, including the David Batts case.
4. State law claims remain valid under TGTLA.

Accordingly, Defendants' Motion to Dismiss should be denied in its entirety.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) should only be granted if the Plaintiff fails to state a claim upon which relief can be granted. (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Court must construe all allegations in Plaintiff's favor and dismiss only if no plausible set of facts exist. (Erickson v. Pardus, 551 U.S. 89, 93 (2007)).

Plaintiff's claims meet this standard and should proceed to discovery.

## III. ARGUMENT

### A. KCSO is a Suable Entity Under § 1983

Defendants claim KCSO is not a legal entity capable of being sued. However, this argument fails because:

1. KCSO Operates Under an EIN, Indicating Financial Independence
   - KCSO has Employer Identification Number (EIN) 62-6007979, proving that it engages in financial transactions as a distinct entity.
   - Under federal law, any government entity engaged in financial transactions can be subject to suit.

2. Sixth Circuit Precedent Recognizes Sheriff's Offices Can Be Sued in Certain Circumstances
   - In Matthews v. Jones, 35 F.3d 1046 (6th Cir. 1994), the court recognized that law enforcement agencies may be sued when their parent government unit allows them to operate independently.
   - KCSO's financial activities, asset forfeitures, and independent policies establish that it operates as a de facto entity subject to litigation.

Thus, Defendants' motion should be denied on this issue.

## B. Plaintiff Has Standing for Injunctive Relief

Defendants argue Plaintiff lacks standing because he is no longer in KCSO custody. However, under the capable of repetition yet evading review doctrine, Plaintiff still has standing because:

1. Ongoing State Court Proceedings Keep Plaintiff Under Threat of KCSO Custody
   - Plaintiff has 7 outstanding John Doe warrants issued through KCSO and General Sessions Court.
   - If arrested again, Plaintiff will be placed back in KCSO custody, subjected to the same unconstitutional conditions.
2. Federal Precedent Confirms Standing for Those Facing Future Arrest
   - In Gerstein v. Pugh, 420 U.S. 103 (1975), the Supreme Court held that pretrial detainees challenging unlawful detention have standing even if released.
   - This applies to Plaintiff, who is subject to re-arrest under fraudulent warrants.

Thus, Defendants' argument on standing is meritless and should be denied.

## C. Plaintiff Properly Alleges Municipal Liability Under § 1983

Defendants claim Plaintiff fails to allege a policy or custom. However, Plaintiff has alleged a pattern of unconstitutional conduct, including:

1. The David Batts Case – A Pattern of Excessive Force
   - David Batts died in KCSO custody in January 2025 due to excessive force and medical neglect.
   - Media reports and WBIR News confirm that this was not an isolated incident but part of a culture of abuse.
2. Coercion & Denial of Due Process as a Systemic Issue
   - Plaintiff was coerced to sign documents under duress in exchange for release.
   - Plaintiff was denied access to court proceedings and prevented from preserving evidence.
   - Other detainees have reported similar coercion at KCSO facilities.

Under City of Canton v. Harris, 489 U.S. 378 (1989), failure to prevent or correct misconduct establishes municipal liability.

## D. State Law Claims Are Valid Under Tennessee Law

Defendants argue Tennessee does not recognize private damages under its constitution. However, Plaintiff's state law claims remain valid under:

- Tennessee Governmental Tort Liability Act (TGTLA), which waives immunity for:
  - Negligence
  - Battery (excessive force)
  - Intentional Infliction of Emotional Distress

Thus, Plaintiff's state law claims should proceed.

# CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

DENY Defendants' Motion to Dismiss in its entirety.

Allow all claims to proceed to discovery.

Respectfully submitted,

*Craig-Darnell: Johnson*
Craig-Darnell: Johnson, Attorney-in-Fact

On behalf of CRAIG DARNELL JOHNSON ©

(NON-NEGOTIABLE)