UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CRAIG DARNELL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:25-CV-140-TAV-JEM |
| | ) | |
| KNOX COUNTY SHERIFF'S OFFICE, | ) | |
| TENNESSEE HIGHWAY PATROL, | ) | |
| OFFICER BAGLEY, | ) | |
| CHARME P. ALLEN, | ) | |
| STATE OF TENNESSEE, | ) | |
| ANDREW JACKSON, IV, | ) | |
| MIKE HAMMOND, | ) | |
| GENERAL SESSIONS COURT, and | ) | |
| JOHN DOE AGENTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a *sua sponte* review of the record. This case was initially opened as a "miscellaneous" case when plaintiff, proceeding pro se, filed a "Motion for Temporary Restraining Order and Preliminary Injunction," along with the $405 civil filing fee, but no complaint [*See* Doc. 1 (motion), Doc. 2 (administrative notice of deficiency)]. The notice of deficiency, which was mailed to plaintiff, noted that no complaint was filed, as required by Federal Rule of Civil Procedure 3 [Doc. 2].

Subsequently, plaintiff filed what appears to be an amended "Motion for Temporary Restraining Order and Preliminary Injunction," along with various attachments, none of which was a complaint [Doc. 4]. A few days later, plaintiff filed what has been docketed as a "Second Amended Motion for Temporary Restraining Order and Preliminary

Injunction," which appears to simply be a repeat filing of the first amended motion [Doc. 5]. Plaintiff also filed a document labeled "Submission of Documents for Evidence in Case #125004560"[1] [Doc. 6]. This filing consists of a collection of documents, none of which are a complaint [*Id.*]. Plaintiff also filed a document labeled "Instructions for Clerks," which contained a civil cover sheet, but did not otherwise contain any document that could be construed as a complaint [Doc. 7].

Strangely, despite the lack of any filing that could be construed as a complaint, much less any service of process, the Knox County Sheriff's Office filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Doc. 8].

Plaintiff then filed another "Motion for Temporary Restraining Order and Preliminary Injunction" [Doc. 10].

Thereafter, plaintiff filed a document, which is docketed as a "Complaint" [Doc. 13]. In that document, plaintiff states:

> This complaint is filed in response to ongoing harm, procedural abuse, and the false claim that 'no civil complaint has been filed.' Pursuant to **Federal Rule of Civil Procedure 3**, a civil action commences with the filing of a complaint. Plaintiff affirms that such complaint has already been lawfully filed and constituted by:
>
> - A **Writ of Quo Warranto**
> - An **Affidavit of Financial Misconduct**
> - A **Motion for Irreparable Harm**, submitted to this Court to protect against continued unlawful actions of the General Sessions Court

---

[1] It is not clear where this case number comes from, as it is not the case number of this action.

[Doc. 13, pp. 1–2 (emphasis in original)]. Plaintiff requests, in part "[e]ntry of this complaint and acknowledgement that a civil action has been properly commenced under Fed. R. Civ. P. 3" [*Id.* at 2]. Upon receipt of this document, the Clerk's Office converted this miscellaneous action into a civil action. Plaintiff subsequently refiled the same document, with a variety of attachments [Doc. 19].

Pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Rule 7 sets forth the only pleadings allowed in federal court, namely (1) a complaint, (2) an answer to a complaint, (3) an answer to a counterclaim designated as a counterclaim, (4) an answer to a crossclaim, (5) a third-party complaint, (6) an answer to a third-party complaint, and (7) if the court orders one, a reply to an answer. Fed. R Civ. P. 7(a).

None of the documents that plaintiff alleges constitute a valid complaint in this case are amongst these permitted pleadings. *See id*. Notably, "[a] writ of quo warranto is a common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed. However, a private individual lacks standing to institute a quo warranto proceeding." *Hughes v. Martin*, No. 3:22-cv-332, 2022 WL 1598254, at *1 (M.D. Tenn. M ay 19, 2022) (internal quotation marks, alterations, and citations omitted). Even assuming that plaintiff submitted a "Writ of Quo Warranto," such improper filing could not be properly construed as a "complaint" under Rule 3. Additionally, the Court notes that plaintiff attached an "Affidavit of Tender and Financial Misconduct" [Doc. 13-10], to his "complaint" [Doc. 13], but this document appears to relate to the payment of filing fees,

3

which there is no dispute plaintiff has paid, and could not reasonably be construed as a complaint under Rule 3. Finally, to the extent that plaintiff contends that his motions for temporary restraining order and preliminary injunction are his "Complaint," plaintiff specifically labels those documents as "motion" and states that they are brought under Rule 65 [Doc. 1, p. 1; Doc. 4, p. 6; Doc. 5, p. 6; Doc. 10, p. 1]. And the Federal Rules of Civil Procedure specifically contemplate the filing of motions as distinct filings from the complaint required under Rule 3. *See* Rule 7 (distinguishing between pleadings, including a complaint, and motions).

Moreover, in addressing the amendment of complaints, the Middle District of Tennessee noted that "[i]t is important that the Court and parties be able to look to one document as the operative complaint in a case and therefore the requirement[] that [an amended complaint] restate the entire pleadings rather than merely reciting the amended sections is a valuable and important requirement." *Dalton v. Southern Health Partners*, No. 2:19-cv-85, 2020 WL 13827483, at *1 (M.D. Tenn. Apr. 28, 2020). And, indeed, this Court's local rules require that a party moving to amend a pleading "reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." E.D. Tenn. L.R. 15.1. The same principle holds true in this case, when plaintiff appears to suggest that a combination of his prior filings constitute a "complaint." Such a piecemeal complaint would only result in confusion for all parties involved.

Accordingly, the Court finds that plaintiff has not yet filed a complaint in compliance with Rule 3, as necessary to commence this action. All motions filed prior to

4

the commencement of the civil action are premature, and therefore, those motions [Docs. 1, 4, 5, 8, 10] are **DENIED** without prejudice to refiling at the appropriate time.

Plaintiff is **ORDERED** to file a single document listing all claims and defendants he seeks to raise in this civil action, in compliance with Rules 3 and 8(a) of the Federal Rules of Civil Procedure within **fourteen (14) days** of the date of this order if he desires to further pursue this action. Plaintiff is **CAUTIONED** that failure to comply with this order may result in the dismissal of this action without further notice.

Because a formal complaint has not been filed, and no party has been served, the Court's scheduling order [Doc. 22, as amended Doc. 24] is hereby **WITHDRAWN**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE