UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

CRAIG DARNELL JOHNSON,                    )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )        No.:   3:25-CV-140-TAV-JEM
                                          )
KNOX COUNTY SHERIFF'S OFFICE,             )
TENNESSEE HIGHWAY PATROL,                 )
OFFICER BAGLEY,                           )
CHARME P. ALLEN,                          )
STATE OF TENNESSEE,                       )
ANDREW JACKSON, IV,                       )
MIKE HAMMOND,                             )
GENERAL SESSIONS COURT, and               )
JOHN DOE AGENTS 1-10,                     )
                                          )
            Defendants.                   )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a *sua sponte* review of the record. This case was initially opened as a "miscellaneous" case when plaintiff, proceeding pro se, filed a "Motion for Temporary Restraining Order and Preliminary Injunction," along with the $405 civil filing fee, but no complaint [*See* Doc. 1 (motion), Doc. 2 (administrative notice of deficiency)]. The notice of deficiency, which was mailed to plaintiff, noted that no complaint was filed, as required by Federal Rule of Civil Procedure 3 [Doc. 2].

Subsequently, plaintiff filed a number of documents, none of which could be construed as a complaint [*See* Docs. 4, 5, 6, 7, 10]. Plaintiff also filed a document, which was docketed as a "Complaint" [Doc. 13]. Upon receipt of this document, the Clerk's

Office converted this miscellaneous action into a civil action. Plaintiff subsequently refiled the same document, with a variety of attachments [Doc. 19].

The Court, however, concluded that none of these filings were a proper complaint under Federal Rule of Civil Procedure 3 [Doc. 25]. Given that plaintiff had not yet filed a complaint in compliance with the Federal Rules of Civil Procedure, as necessary to commence this civil action, the Court denied all motions as premature and ordered plaintiff to "file a single document listing all claims and defendants he seeks to raise in this civil action, in compliance with Rules 3 and 8(a) of the Federal Rules of Civil Procedure within **fourteen (14) days** of the date of this order if he desires to further pursue this action" [*Id*. at 5].

Plaintiff did not comply with this order. Rather, more than four months after the Court's order requiring the filing of a complaint within 14 days, plaintiff filed a "Tennessee Tort Claim Packet" [Doc. 26]. This filing does not acknowledge the Court's prior order, but could, at least arguably, be construed as a civil complaint. Nonetheless, plaintiff did not seek the issuance of summonses with this filing, and therefore, the record does not reflect that it has been served on any defendant.

Additionally, plaintiff thereafter filed an "Emergency Writ of Mandamus and Notice of Judicial Obstruction, Conspiracy & Misconduct,"[1] in which he alleged that he had filed a "verified claim in equity" which was misconstrued by the Clerk as a complaint under

---

[1] Although plaintiff indicates that he is filing a mandamus petition with the Sixth Circuit [Doc. 27, p. 3], a review of the Sixth Circuit's docket indicates that plaintiff did not file such with the Sixth Circuit.

2

civil law [Doc. 27, p. 6]. Plaintiff alleges that this Court now sits in equity, not at law, and all references to "complaint" are erroneous [*Id.*]. Plaintiff also filed a new "bill in equity" [Doc. 28].

Thereafter, plaintiff filed a "Motion for Extension of Time and to Accept Late Service of Summons and Late Response Based on Excusable Neglect" [Doc. 29]. Plaintiff alleges that the clerk issued summonses in this case, but he did not understand that it was his responsibility to arrange and prove service of process [*Id.* at 2].

"[I]n both England and the United States, there were once separate 'courts of law' and 'courts of equity.'" *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 497 (4th Cir. 2023). But "in our federal system, actions at law and suits in equity have been merged into 'one form of action—the civil action.'" *Three Keys Ltd. V. SR Utility Holding Co.*, 540 F.3d 220, 229 n.9 (3d Cir. 2008) (quoting Fed. R. Civ. P. 2). Now, a federal court "sits in equity" "when it is asked to provide equitable relief[.]" *Tribune Co v. Abiola*, 66 F.3d 12, 15–16 (2d Cir. 1995). The classic form of equitable relief is an injunction. *Aldridge v. Regions Bank*, 144 F.4th 828, 845 (6th Cir. 2025). But such relief must still be requested in the course of a civil action. *See* Fed. R. Civ. P. 2 ("There is one form of action—the civil action."). And, as the Court previously explained [*see* Doc. 25], "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Accordingly, despite plaintiff's assertions to the contrary, he cannot commence a civil action in this Court, even if seeking equitable relief, without a proper complaint under Rule 3 of the Federal Rules of Civil Procedure.

3

In light of the apparent confusion, and given that plaintiff has filed more than one new filing purporting to set forth his claims [*see* Docs. 27, 28], the Court finds it appropriate to give plaintiff a final opportunity to file a civil complaint in compliance with Rule 3 of the Federal Rules of Civil Procedure. Accordingly, plaintiff is **ORDERED** to file a <u>single document</u> listing <u>all</u> claims and defendants he seeks to raise in this civil action, in compliance with Rules 3 and 8(a) of the Federal Rules of Civil Procedure within **fourteen (14) days** of the date of this order if he desires to further pursue this action. Plaintiff is **CAUTIONED** that failure to comply with this order may result in the dismissal of this action without further notice.

Additionally, contrary to plaintiff's assertion [Doc. 29, p. 2], no summons have been issued in this case, as no complaint, which is necessary to commence a civil action, has been filed. Accordingly, plaintiff's motion for extension of time to effectuate service of process [Doc. 29] is **DENIED as unnecessary**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4

5