UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

CRAIG DARNELL JOHNSON,          )
                                      )
        Plaintiff,          )
                                        )
v.                              )      No.:   3:25-CV-140-TAV-JEM
                                        )
KNOX COUNTY SHERIFF"S OFFICE,   )
*et al.*,                               )
                                      )
        Defendants.      )

## <u>MEMORANDUM OPINION</u>

This case was initially opened as a "miscellaneous" case when plaintiff, proceeding pro se, filed a "Motion for Temporary Restraining Order and Preliminary Injunction," along with the $405 civil filing fee, but no complaint [*See* Doc. 1 (motion), Doc. 2 (administrative notice of deficiency)]. The notice of deficiency, which was mailed to plaintiff, noted that no complaint was filed, as required by Federal Rule of Civil Procedure 3 [Doc. 2].

Subsequently, plaintiff filed a number of documents, none of which could be construed as a complaint [*See* Docs. 4, 5, 6, 7, 10]. Plaintiff also filed a document, which was docketed as a "Complaint" [Doc. 13]. Upon receipt of this document, the Clerk's Office converted this miscellaneous action into a civil action. Plaintiff subsequently refiled the same document, with a variety of attachments [Doc. 19].

The Court, however, concluded that none of these filings were a proper complaint under Federal Rule of Civil Procedure 3 [Doc. 25]. Given that plaintiff had not yet filed a complaint in compliance with the Federal Rules of Civil Procedure, as necessary to commence this civil action, the Court denied all motions as premature and ordered plaintiff to "file a <u>single document</u> listing all claims and defendants he seeks to raise in this civil action, in compliance

with Rules 3 and 8(a) of the Federal Rules of Civil Procedure within **fourteen (14) days** of the date of this order if he desires to further pursue this action [*Id.* at 5].

Plaintiff did not comply with this order. Rather, more than four months after the Court's order requiring the filing of a complaint within 14 days, plaintiff filed a "Tennessee Tort Claim Packet" [Doc. 26]. This filing does not acknowledge the Court's prior order, but could, at least arguably, be construed as a civil complaint. Nonetheless, plaintiff did not seek the issuance of summonses with this filing, and therefore, the record does not reflect that it has been served on any defendant. Plaintiff thereafter filed documents indicating that he believed he did not need to file a "complaint" because the Court was sitting in equity, not in law [Doc. 27, p. 6].

On May 29, 2026, the Court entered an order giving plaintiff "a final opportunity to file a civil complaint in compliance with Rule 3 of the Federal Rules of Civil Procedure" [Doc. 31, p. 4]. The Court therefore ordered plaintiff to "file a <u>single document</u> listing <u>all</u> claims and defendants he seeks to raise in this civil action . . . within **fourteen (14) days** of the date of this order if he desires to further pursue this action" [*Id.*]. The Court cautioned plaintiff that failure to comply with this order could result in dismissal without further notice [*Id.*]. Approximately two months have passed, and plaintiff has not responded to this order.

"District courts are empowered to dismiss actions when a litigant fails to comply with a court order, or fails to prosecute a case." *Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (citations omitted) (affirming district court's dismissal of the plaintiff's complaint due to his failure to comply with the court's order); *accord Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008). When assessing whether to dismiss a case under Federal Rule of Civil Procedure 41(b), a court considers the following:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal]."

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

In applying these factors to the present case, the Court finds that plaintiff's failure to respond and comply with the Court's Order [Doc. 31] is due to willfulness, bad faith, or fault; that plaintiff was warned that failure to respond would lead to dismissal; and that the Court considered less drastic sanctions but found that they would be ineffective under the circumstances. *Id.*; *see Alexander v. Washington Cnty.*, No. 2:24-CV-224, 2025 WL 1489536, at *1 (E.D. Tenn. May 23, 2025) (stating that, given the circumstances, a failure to dismiss the case under Rule 41(b) "would permit it to simply languish on the docket"). Accordingly, the Court **DISMISSES** this case pursuant to Rule 41(b) for failure to follow the Court's Order [Doc. 31] and failure to prosecute. *Fuller*, 468 F. App'x at 588. An appropriate order shall enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE